UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CARL HENRY OLSEN, III,<br><br>              Petitioner,<br><br>      v.<br><br>ROBERT LeGRAND, *et al.*,<br><br>              Respondents. | Case No. 3:15-cv-00367-MMD-WGC<br><br>ORDER |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner. On July 12, 2016, the Court dismissed the petition as successive. (ECF Nos. 5 & 6.) Petitioner appealed. (ECF No. 8.) On January 11, 2017, the United States Court of Appeals for the Ninth Circuit vacated the dismissal because the petitioner's prior case, filed as CV-S-91-610-PMP-RJJ, was dismissed without prejudice due to lack of exhaustion. (ECF No. 18.) The Court of Appeals remanded this case for further proceedings. (*Id.*) The Court of Appeals issued its mandate on July 6, 2017. (ECF No. 17.)

This Court has conducted a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The petition contains four grounds for relief. Petitioner failed to write a heading at the top of each ground indicating the nature of the claim. In each ground, petitioner seeks to incorporate by reference certain "grounds" found within the "Appendix (App. I)." (ECF No. 1-1 at 3, 5, 7 and 9.) Other than Ground I, petitioner includes no description or detail

of what constitutional rights he claims were violated in connection with his conviction and sentence. (ECF No. 1-1 at 3-10.)

Petitioner's attempt to incorporate grounds by reference to the appendix is problematic, because there is no actual "appendix" attached to the petition or otherwise submitted with the petition in this case. For example, the Court cannot discern what material or portion of the record petitioner refers to when he states that he "incorporates by reference Appendix (App.) 1, Ground 1." (ECF No. 1-1 at 3.) There are many documents attached to the petition. (ECF No. 1-1 at 12-225.) The documents are in no particular order, some documents are not labeled, and there is no table of contents or index of the documents. (*Id.*) The documents consist of at least part of the state court record from petitioner's conviction and appeals. (*Id.*)

The Court recognizes that a habeas petitioner may incorporate a document into the petition by attaching such document to the petition pursuant to Rule 10(c) of the Federal Rules of Civil Procedure. S*ee Dye v. Hofbauer*, 546 U.S. 1, 4 (2005) (holding that Fed. R. Civ. P. 10(c) applies to federal habeas corpus proceedings, such that exhibits to the pleading are considered part of the pleading). However, petitioner in this case has not specified which part or parts of the many documents attached to the petition he intends to incorporate as actual grounds within his petition. Because the petition is vague and ambiguous in its current form, petitioner must submit an amended petition. To the extent that petitioner seeks to incorporate grounds or claims by reference, he must specify the document and relevant page numbers. Petitioner must also include a heading for each ground of the amended petition, which must indicate the nature of each ground.

In addition, petitioner has filed a motion for the appointment of counsel. (ECF No. 14.) Petitioner has no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is within the Court's discretion. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S.

1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). The petition in its current form contains only four grounds. The Court cannot determine the complexity of the grounds until petitioner files an amended petition with clear headings and meaningful reference to any grounds he seeks to incorporate by reference from the state court record. Therefore, petitioner's motion for counsel is denied without prejudice to renewing his motion once he files an amended petition.

It is therefore ordered that the Clerk of Court send petitioner a copy of the Court's approved form for filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, including a copy of the instructions for filing the same. The Clerk will also send petitioner a copy of the petition and attachments submitted in this action (ECF No. 1-1.)

It is further ordered that within thirty (30) days from the date of entry of this order, petitioner must file an amended petition on the Court's approved form. The amended petition must be filed on the Court's approved habeas corpus form and must be entitled "First Amended Petition." To the extent petitioner seeks to incorporate portions of state court documents into his federal petition, he will attach such document(s) and refer to the specific portions of the documents he seeks to incorporate by page number and line number.

It is further ordered that petitioner's motion for the appointment of counsel (ECF No. 14) is denied without prejudice to filing a new motion for counsel with his amended petition.

It is further ordered that failure to comply with this order may result in dismissal of this action.

DATED THIS 20th day of July 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE