UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CARL HENRY OLSEN, III, | Case No. 3:15-cv-00367-MMD-WGC |
| Petitioner, | ORDER |
| v. | |
| ROBERT LeGRAND, *et al.*, | |
| Respondents. | |

This habeas matter under 28 U.S.C. § 2254 comes before the Court on Petitioner's second motion for appointment of counsel (ECF No. 28) and his motion for leave to exceed page limitation (ECF No. 29) as well as for initial review.

On Petitioner's motion for appointment of counsel, the prior grant of pauper status establishes his financial eligibility for appointment of counsel. (*See* ECF No. 5.) The Court finds that appointment of counsel is in the interests of justice given: (a) Petitioner's lengthy sentence structure of essentially life without the benefit of parole after having been sentenced at approximately age 39 to eight consecutive sentences of life with eligibility for parole consideration after 10 years on each sentence; and (b) the need to assure that the Court is presented with an adequately developed record with regard to, *inter alia*, any claims of actual innocence raised in an effort to overcome the potential untimeliness and procedural default issues presented by the prior state and federal procedural history. The motion therefore will be granted. Neither this order nor the appointment of counsel reflects any preliminary determination on any issue.

1    The motion to exceed page limitation will be granted in part to the extent that the Court will grant petitioner leave to file the pleading and attachments presented. The motion otherwise will be denied as unnecessary because there is no page limitation for a habeas petition under Local Rule LSR 3-2(b), subject to the Court's authority to order a petitioner to amend a prolix petition.

It is therefore ordered that Petitioner's motion to exceed page limitation (ECF No. 29) is granted in part to the extent that the Court directs the Clerk of Court to file the amended petition presented with the motion and otherwise is denied as unnecessary.

It is further ordered that Petitioner's motion for appointment of counsel (ECF No. 28) is granted. The counsel appointed will represent petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.

It is further ordered that the Federal Public Defender will be provisionally appointed as counsel and will have thirty (30) days to undertake direct representation of Petitioner or to indicate to the Court the office's inability to represent petitioner in these proceedings. If the Federal Public Defender is unable to represent Petitioner, the Court then will appoint alternate counsel. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates setting the deadline for approximately one hundred fifty (150) days from entry of the formal order of appointment. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

It is further ordered that the Clerk send a copy of this order to the *pro se* petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator.

The Clerk additionally will provide copies of all prior filings herein to the Federal Public Defender in a manner consistent with the Clerk's current practice, such as regeneration of notices of electronic filing.

DATED THIS 11th day of May 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE