UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

CARL HENRY OLSEN, III,

Petitioner,

v.

RENE BAKER, *et al.*,

Respondents.

Case No. 3:15-cv-00367-MMD-WGC

ORDER

This habeas matter is before the Court on Respondents' third unopposed motion to extend time (ECF No. 54). Respondents seek a 60-day extension of time to file and serve an answer or other responsive pleading to Petitioner Carl Henry Olsen, III's Second Amended Petition for Writ of Habeas Corpus (ECF No. 45).

Habeas actions are civil actions under federal practice and are subject to the reporting requirements of the Civil Justice Reform Act of 1990 ("CJRA"), 28 U.S.C. § 471 *et seq.*[1] The CJRA sets a three-year goal for resolution of each civil case on the merits, *id.* § 476(a)(3), and encourages "setting, at the earliest practicable time, deadlines for filing motions and a time framework for their disposition," *id.* § 473(a). Although the procedural and legal complexity of certain habeas actions may impede the three-year objective, the Court attempts to posture each case for a merits decision within three years of filing.

Olsen originally commenced this action in July 2015. (ECF No. 1.) The Court

///

---

[1] The CJRA provides that each United States District Court must develop a civil justice expense and delay reduction plan to facilitate the deliberate adjudication of civil cases on the merits, monitor and improve litigation management, and reduce cost and delay. *See also* Fed. R. Civ. P. 1 (noting that the rules should be implemented to "secure the just, speedy, and inexpensive determination" of each case). The CJRA mandates the early and on-going judicial management of case progress. 28 U.S.C. § 473(a). Each judge is required to report "the number and names of cases that have not been terminated within three years after filing" on a semi-annual basis. *See* 28 U.S.C. § 476(a)(3).

dismissed the action as a successive petition. (ECF No. 5.) However, in July 2017, the Ninth Circuit Court of Appeals vacated the dismissal order and remanded for further proceedings. (ECF No. 18.) Olsen was subsequently appointed counsel. (ECF No. 33.) Since remand, both parties have received numerous extensions of time to amend the pleadings and complete briefing. (ECF Nos. 22, 24, 26, 35, 38, 40, 42, 44, 51, 53.) Respondents now asserts that an additional 60 days is necessary to answer or otherwise respond to the second amended petition because counsel has deadlines in several other cases in the next two months.

To meet the CJRA's three-year objective, this case must be resolved by July 2020. Based on the age of this case and lack of progress to date, this case is unlikely to be fully briefed and ready for merits consideration before July 2020. Given the Court's case management responsibilities under the CJRA, moving forward counsel will be required to prioritize the briefing in this case over later-filed matters.

It is therefore ordered that Respondents' third unopposed motion to extend time (ECF No. 54) is granted in part and denied in part. Respondents have until January 29, 2020, to answer or otherwise respond to the second amended petition. All other instructions stated in the scheduling order (ECF No. 33) remain in effect.

It is further ordered that counsel for both parties must prioritize the briefing in this case over later-filed matters. **Further extensions of time are not likely to be granted absent compelling circumstances and a strong showing of good cause why the briefing could not be completed within the extended time allowed despite the exercise of due diligence**.

DATED THIS 31st day of December 2019.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE