UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CARL HENRY OLSEN, III, | Case No. 3:15-cv-00367-MMD-WGC |
| Petitioner, | ORDER |
| v. | |
| RENE BAKER, *et al*., | |
| Respondents. | |

This is a habeas corpus proceeding under 28 U.S.C. § 2254 brought by Petitioner Carl Henry Olsen, III, a Nevada prisoner who is represented by counsel. Currently before the Court is Respondents' Motion to Dismiss (ECF No. 56) (the "Motion") Olsen's Second Amended Petition for Writ of Habeas Corpus (ECF No. 45) ("Amended Petition"). Olsen has opposed the Motion (ECF No. 65), and Respondents have replied (ECF No. 69). For the reasons discussed below, the Motion is denied as moot, the Amended Petition is referred to the Ninth Circuit for consideration as an application for leave to file a second or successive petition, and the Amended Petition is dismissed without prejudice to its refiling should Olsen obtain permission to do so from the Ninth Circuit.

I.     **BACKGROUND**

A.     **State Proceedings**

Olsen challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("Trial Court"). *State of Nevada v. Olsen*, Case No. C92356. A jury found Olsen guilty of eight counts of sexual assault with a minor under the age of 14. (ECF No. 62-1.) On May 10, 1990, the Trial Court entered a judgment of conviction sentencing Olsen to eight consecutive terms of life with the possibility of parole. (*Id.*) Olsen appealed. (ECF No. 62-20.) The Nevada Supreme Court affirmed his convictions on June 27, 1991. (ECF No. 62-47.)

While his direct appeal was pending, on January 8, 1991, Olsen filed a state petition for writ of habeas corpus ("1991 State Petition") seeking post-conviction relief. (ECF No. 62-33.) The 1991 State Petition was denied. (ECF No. 62-41.) Olsen appealed. (ECF No. 62-40.) The Nevada Supreme Court affirmed the denial of relief, and a remittitur issued on July 23, 1991. (ECF Nos. 62-48, 62-49.)

In November 1992, Olsen filed a second state petition ("1992 State Petition") in the Seventh Judicial District Court for White Pine County. (ECF No. 66-1.) Because good cause was lacking, the 1992 State Petition was denied as untimely and successive, and thus procedurally barred. (ECF No. 66-8.) Olsen appealed. (ECF No. 66-9.) The Nevada Supreme Court affirmed the denial of relief in November 1993. (ECF No. 66-15.)

In April 2006, Olsen filed a third state petition ("2006 State Petition") in the Trial Court. (ECF No. 63-1.) Based on a lack of good cause to overcome the procedural bars, the 2006 State Petition was denied as untimely, successive, and barred by the doctrine of laches. (ECF No. 64-7.) Olsen appealed. (ECF No. 64-12.) The Nevada Supreme Court affirmed the denial of relief in February 2007. (ECF No. 64-15.)

### B.    Federal Habeas Proceedings

Olsen filed his first federal habeas petition on August 21, 1991 ("First Federal Petition"). *Olsen v. Director Nev. Dep't of Prisons*, CV-S-91-610-PMP. The First Federal Petition was dismissed without prejudice for lack of exhaustion.

Olsen filed a second federal habeas petition on January 10, 1994 ("Second Federal Petition").[1] *Olsen v. McDaniels*, CV-N-94-005-HDM. After giving him an opportunity to show cause and prejudice, the Court dismissed six grounds for relief as procedurally defaulted. The remaining claims were denied in February 1996. Olsen then

---

[1]The Second Federal Petition was submitted before implementation of the "CM/ECF" electronic filing system and before the Clerk of the Court begin maintaining case files in electronic form. Although the docket sheet for that case is accessible through the District of Nevada's historical case index, case-related documents are not. *See* Docket Sheet, *Olsen v. McDaniels*, CV-N-94-005-HDM, attached to this Order; D. Nev. Historical Case Index, *available at* https://www.nvd.uscourts.gov/indexcases2/applicationroot.asp (last accessed Aug. 10, 2020).

1  filed a request for certificate of probable cause in the United States Court of Appeals for

2  the Ninth Circuit, which was denied.[2] *Olsen v. McDaniels*, No. 96-15644 (9th Cir. Apr. 25,

3  1996), *cert. denied*, 519 U.S. 997 (1996).

4        On July 15, 2015, Olsen initiated the current case by filing a *pro se* federal habeas

5  petition ("Third Federal Petition"). (ECF No. 1-1.) The Court dismissed the Third Federal

6  Petition as successive, relying on dismissal of the First Federal Petition in CV-S-91-610-

7  PMP. (ECF No. 5.) Olsen appealed. (ECF No. 8.)

8        The Ninth Circuit found that the Third Federal Petition stated "at least one federal

9  constitutional claim debatable among jurists of reason, namely ineffective assistance of

10  trial counsel," and thus granted "a certificate of appealability with respect to the following

11  issue: whether the district court properly dismissed appellant's petition as an unauthorized

12  second or successive petition." *Olsen v. LeGrand*, No. 16-16352, DktEntry 2-1 (9th Cir.

13  Nov. 8, 2016). Respondents were ordered to show cause as to why the judgment should

14  not be vacated and remanded for further proceedings. *Id.* Respondents acknowledged

15  that the First Federal Petition was dismissed without prejudice for failure to exhaust state

16  court remedies, attaching a copy of the docket sheet to their show cause response. *Id.*,

17  DktEntry 5. Because the First Federal Petition was dismissed without prejudice, the Ninth

18  Circuit determined that the Third Federal Petition was not successive, vacated the

19  judgment, and remanded for further proceedings. (ECF No. 18.)

20        Upon remand, this Court appointed counsel and granted Olsen leave to amend.

21  (ECF Nos. 30, 33.) The Amended Petition raises four federal grounds for relief: (1)

22  ineffective assistance of trial counsel, including seven subclaims; (2) ineffective

23  assistance of appellate counsel, including two subclaims; (3) sufficiency of the evidence,

24  and (4) trial court error for improperly rebuking defense counsel. (ECF No. 45.)

25

26  _____

27        [2]The Court takes judicial notice of the Ninth Circuit proceedings related to Olsen's federal habeas appeals. *See Harris v. County of Orange*, 682 F.3d 1126, 1131–32 (9th

28  Cir. 2012). The Ninth Circuit's docket records may be accessed by the public online at: https://www.pacer.gov/.

Respondents have moved to dismiss the Amended Petition as untimely, unexhausted, and procedurally defaulted. (ECF No. 56.) Olsen concedes that the Third Federal Petition is untimely, and ostensibly admits that certain claims in the Amended Petition are procedurally defaulted and/or unexhausted. (ECF No. 65.) But he contends that Respondents' procedural arguments are beside the point because he can meet the actual innocence standard of *Schlup v. Delo*, 513 U.S. 298 (1995).

## II.   DISCUSSION

Federal courts are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs.*, *Inc.*, 545 U.S. 546, 552 (2005). "A federal district court is obligated to ensure it has jurisdiction over an action, and once it determines it lacks jurisdiction, it has no further power to act." *Guerra v. Hertz Corp.*, 504 F. Supp. 2d 1014, 1017–18 (D. Nev. 2007) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)).

"[A] federal habeas petition is second or successive if the facts underlying the claim occurred by the time of the initial petition, . . . and if the petition challenges the same state court judgment as the initial petition." *Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides, in relevant part, that a claim presented in a second or successive federal petition that was not presented in a prior petition shall be dismissed unless:

> **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). Before a second or successive petition may be filed in a federal district court, a habeas petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the petition. *Id.* § 2244(b)(3). The district court does not have jurisdiction to entertain a second or successive petition absent such permission. *Brown*, 889 F.3d at 667. "[I]n cases involving doubt about whether a petition will be deemed second or successive," the Ninth Circuit has instructed "petitioners to seek

1    authorization in [its] court first, rather than filing directly in the district court." *Goodrum v.*

2    *Busby*, 824 F.3d 1188, 1195 (9th Cir. 2016) (citation omitted).

3           Although the exact nature of the claims Olsen presented in his Second Federal

4    Petition is unknown, it appears certain that this Third Federal Petition is second or

5    successive. A review of the docket sheet for the Second Federal Petition reflects a merits

6    decision in 1996. Thereafter, the Ninth Circuit denied a certificate of probable cause and

7    the United States Supreme Court denied a petition for writ of certiorari. Olsen's Amended

8    Petition acknowledges that he "did not win relief" on his Second Federal Petition or on

9    appeal. (ECF No. 45 at 11:14–16.) In addition, Olsen's opposition asserts that Grounds

10   1(A), 1(C), 1(D), 1(E), 1(F), and 2(A) were presented to Nevada courts in his 1992 State

11   Petition. (ECF No. 65 at 10–15.) Thus, Olsen *discovered* the factual predicates for his

12   claims before filing his Second Federal Petition in 1994. *See* 28 U.S.C. § 2244(b)(2)(B)(i).

13   At the very least, the filing of the Second Federal Petition and corresponding 1996 merits

14   decision raise serious doubt about whether this Third Federal Petition will be deemed

15   second or successive. Accordingly, this Court finds jurisdiction lacking, and Olsen must

16   seek authorization from the Ninth Circuit to proceed. *See Goodrum*, 824 F.3d at 1195;

17   *Robinson v. Johnson*, 313 F.3d 128, 140 (3d Cir. 2002) (noting that any merits decision

18   on a second or successive petition before the court of appeals has decided whether to let

19   the petition proceed "would circumvent the intent of the gatekeeping function of § 2244").

20          By statute and circuit rule, this Court has discretionary authority to transfer Olsen's

21   Amended Petition to the Ninth Circuit for consideration as an application for leave to file

22   a second-or-successive petition. *See* 28 U.S.C. § 1631 (whenever a court identifies a lack

23   of jurisdiction, "the court shall, if it is in the interest of justice, transfer such action or appeal

24   to any other such court . . . in which the action or appeal could have been brought at the

25   time it was filed . . ."); 9th Cir. R. 22-3 ("If an unauthorized second or successive section

26   2254 petition . . . is submitted to the district court, the district court may, in the interests

27   of justice, refer it to the court of appeals.").

28          Here, transfer is in the interests of justice. Olsen's counseled Amended Petition

asserts that he can meet the *Schlup* standard for actual innocence. The Ninth Circuit previously granted a certificate of appealability after finding "at least one federal constitutional claim debatable among jurists of reason, namely ineffective assistance of trial counsel." *Olsen v. LeGrand*, No. 16-16352, DktEntry 2-1 (9th Cir. Nov. 8, 2016). Under these circumstances, the Court finds that the interests of justice are served by referring the Amended Petition to the Ninth Circuit for review. *E.g.*, *Jones v. McDowell*, No. CV 19-9180-JEM, 2020 WL 3619004, at *3 (C.D. Cal. June 30, 2020) (collecting cases); *Ciotta v. Frauenheim*, No. LA CV 18-09213-VBF-AS, 2018 WL 6025845, at *3 (C.D. Cal. Nov. 8, 2018) (referring successive habeas petition to Ninth Circuit within discretion granted by Ninth Circuit Rule 22-3(a) and dismissing action without prejudice for lack of jurisdiction).

## III.    CERTIFICATE OF APPEALABILITY

A district court is required to issue or deny a certificate of appealability when it enters a final order adverse to a habeas petitioner, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a) of the Rules Governing Section 2254 Cases in U.S. District Courts; 9th Cir. R. 22-1(a). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).

It is doubtful that the certificate of appealability requirement applies to an order merely referring a habeas petition to the Ninth Circuit and dismissing the action without prejudice. *E.g.*, *Spencer v. Cano*, No. LA CV 16-02267-VBF (PLA), 2016 WL 2760332, at *3 (C.D. Cal. May 12, 2016) (collecting cases). Such an order arguably should not be viewed as "final" for purposes of § 2253(c) because it does not conclusively dispose of all claims and issues raised by a petitioner. *Id.* Assuming, without deciding, that such an order triggers the certificate of appealability requirement, the Court finds that a certificate of appealability is unwarranted in this case.

1   **IV.    CONCLUSION**

2       It is therefore ordered that Respondents' Motion to Dismiss (ECF No. 56) is denied

3   as moot.

4       It is further ordered that Petitioner Carl Henry Olsen, III's Second Amended Petition

5   for Writ of Habeas Corpus (ECF No. 45) is referred to the Ninth Circuit for consideration

6   as an application for leave to file a second or successive habeas corpus petition pursuant

7   to Ninth Circuit Rule 22-3(a).[3]

8       The Clerk of the Court will send copies of the Amended Petition (ECF No. 45) and

9   this Order to the Ninth Circuit.

10      The Amended Petition is dismissed without prejudice to its refiling should Olsen

11  obtain permission to do so from the Ninth Circuit.

12      To the extent such analysis is required, a certificate of appealability is denied as

13  reasonable jurists would not find the Court's dismissal of the Amended Petition to be

14  debatable or wrong for the reasons discussed herein.

15      DATED THIS 13th day of August 2020.

16

17  _____
    MIRANDA M. DU

18  CHIEF UNITED STATES DISTRICT JUDGE

19

20

21

22

23      [3]"Petitioner is advised that this referral alone does not constitute compliance
    with Circuit Rule 22-3 and 28 U.S.C. § 2255(h).  Petitioner must still file a

24  motion for leave to proceed in the Court of Appeals and make the requisite
    showing' to convince the Ninth Circuit to grant him leave to file this second-

25  or-successive habeas petition.  Petitioner is directed to consult this statute
    and Ninth Circuit Rule 22-3 for further information."

26

27  *Jones v. McDowell*, No. CV 19-9180-JEM, 2020 WL 3619004, at *3 (C.D. Cal. June 30,
    2020) (quoting *Henderson v. Madden*, NO. LA CV 16-02003-VBF (AGR), 2016 WL

28  4009873, at *3 n.1, *5–6 (C.D. Cal. June 3, 2016) (collecting cases in which Ninth Circuit
    district courts issued this advisement to habeas petitioners)).