UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CARL HENRY OLSEN, III,<br><br>                   Petitioner,<br>    v.<br>RENE BAKER, *et al.*,<br><br>                  Respondents. | Case No. 3:15-cv-00367-MMD-WGC<br><br>AMENDED ORDER[1] |

**I.    SUMMARY**

This is a habeas corpus proceeding under 28 U.S.C. § 2254 brought by Petitioner Carl Henry Olsen, III, a Nevada prisoner who is represented by counsel. Currently before the Court is Respondents' Motion to Dismiss (ECF No. 56) (the "Motion") Olsen's Second Amended Petition for Writ of Habeas Corpus (ECF No. 45) ("Amended Petition"). Olsen has opposed the Motion (ECF No. 65), and Respondents have replied (ECF No. 69). For the reasons discussed below, the Motion is denied as moot, the Amended Petition is referred to the Ninth Circuit for consideration as an application for leave to file a second or successive petition, and the Amended Petition is dismissed without prejudice to its refiling should Olsen obtain permission to do so from the Ninth Circuit.

**II.   BACKGROUND**

    **A.    State Proceedings**

Olsen challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("Trial Court"). *See State of Nevada v. Olsen*, Case No. C92356. A jury found Olsen guilty of eight counts of sexual assault with a minor under the age of

---

[1]The Court issues this amended order only because the Court's prior order did not attach a copy of the docket sheet from the 1994 case as an exhibit to the order, though a footnote to that order said the Court had. (ECF No. 70 at 2 n.1.) That docket sheet is now attached to this order. Otherwise, this order is substantively the same as the Court's prior order. (ECF No. 70.)

14. (ECF No. 62-1.) On May 10, 1990, the Trial Court entered a judgment of conviction sentencing Olsen to eight consecutive terms of life with the possibility of parole. (*Id.*) Olsen appealed. (ECF No. 62-20.) The Nevada Supreme Court affirmed his convictions on June 27, 1991. (ECF No. 62-47.)

While his direct appeal was pending, on January 8, 1991, Olsen filed a state petition for writ of habeas corpus ("1991 State Petition") seeking post-conviction relief. (ECF No. 62-33.) The 1991 State Petition was denied. (ECF No. 62-41.) Olsen appealed. (ECF No. 62-40.) The Nevada Supreme Court affirmed the denial of relief, and a remittitur issued on July 23, 1991. (ECF Nos. 62-48, 62-49.)

In November 1992, Olsen filed a second state petition ("1992 State Petition") in the Seventh Judicial District Court for White Pine County. (ECF No. 66-1.) Because good cause was lacking, the 1992 State Petition was denied as untimely and successive, and thus procedurally barred. (ECF No. 66-8.) Olsen appealed. (ECF No. 66-9.) The Nevada Supreme Court affirmed the denial of relief in November 1993. (ECF No. 66-15.)

In April 2006, Olsen filed a third state petition ("2006 State Petition") in the Trial Court. (ECF No. 63-1.) Based on a lack of good cause to overcome the procedural bars, the 2006 State Petition was denied as untimely, successive, and barred by the doctrine of laches. (ECF No. 64-7.) Olsen appealed. (ECF No. 64-12.) The Nevada Supreme Court affirmed the denial of relief in February 2007. (ECF No. 64-15.)

**B.   Federal Habeas Proceedings**

Olsen filed his first federal habeas petition on August 21, 1991 ("First Federal Petition"). *See Olsen v. Director Nev. Dep't of Prisons*, CV-S-91-610-PMP. The First Federal Petition was dismissed without prejudice for lack of exhaustion.

Olsen filed a second federal habeas petition on January 10, 1994 ("Second Federal Petition").[2] *See Olsen v. McDaniels*, CV-N-94-005-HDM. After giving him an

---

[2]The Second Federal Petition was submitted before implementation of the "CM/ECF" electronic filing system and before the Clerk of Court begin maintaining case files in electronic form. Although the docket sheet for that case is accessible through the District of Nevada's historical case index, case-related documents are not. *See* Docket Sheet, *Olsen v. McDaniels*, CV-N-94-005-HDM, attached to this Order; D. Nev. Historical

opportunity to show cause and prejudice, the Court dismissed six grounds for relief as procedurally defaulted. The remaining claims were denied in February 1996. Olsen then filed a request for certificate of probable cause in the United States Court of Appeals for the Ninth Circuit, which was denied.[3] *See Olsen v. McDaniels*, No. 96-15644 (9th Cir. Apr. 25, 1996), *cert. denied*, 519 U.S. 997 (1996).

On July 15, 2015, Olsen initiated the current case by filing a *pro se* federal habeas petition ("Third Federal Petition"). (ECF No. 1-1.) The Court dismissed the Third Federal Petition as successive, relying on dismissal of the First Federal Petition in CV-S-91-610-PMP. (ECF No. 5.) Olsen appealed. (ECF No. 8.)

The Ninth Circuit found that the Third Federal Petition stated "at least one federal constitutional claim debatable among jurists of reason, namely ineffective assistance of trial counsel," and thus granted "a certificate of appealability with respect to the following issue: whether the district court properly dismissed appellant's petition as an unauthorized second or successive petition." *Olsen v. LeGrand*, No. 16-16352, DktEntry 2-1 (9th Cir. Nov. 8, 2016). Respondents were ordered to show cause as to why the judgment should not be vacated and remanded for further proceedings. *See id.* Respondents acknowledged that the First Federal Petition was dismissed without prejudice for failure to exhaust state court remedies, attaching a copy of the docket sheet to their show cause response. *See id.*, DktEntry 5. Because the First Federal Petition was dismissed without prejudice, the Ninth Circuit determined that the Third Federal Petition was not successive, vacated the judgment, and remanded for further proceedings. (ECF No. 18.)

Upon remand, this Court appointed counsel and granted Olsen leave to amend. (ECF Nos. 30, 33.) The Amended Petition raises four federal grounds for relief: (1)

---

Case Index, *available at* https://www.nvd.uscourts.gov/indexcases2/applicationroot.asp (last accessed Aug. 10, 2020).

[3]The Court takes judicial notice of the Ninth Circuit proceedings related to Olsen's federal habeas appeals. *See Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012). The Ninth Circuit's docket records may be accessed by the public online at: https://www.pacer.gov/.

ineffective assistance of trial counsel, including seven subclaims; (2) ineffective assistance of appellate counsel, including two subclaims; (3) sufficiency of the evidence; and (4) trial court error for improperly rebuking defense counsel. (ECF No. 45.)

Respondents have moved to dismiss the Amended Petition as untimely, unexhausted, and procedurally defaulted. (ECF No. 56.) Olsen concedes that the Third Federal Petition is untimely, and ostensibly admits that certain claims in the Amended Petition are procedurally defaulted and/or unexhausted. (ECF No. 65.) But he contends that Respondents' procedural arguments are beside the point because he can meet the actual innocence standard of *Schlup v. Delo*, 513 U.S. 298 (1995).

## III. DISCUSSION

Federal courts are courts of limited jurisdiction. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). "A federal district court is obligated to ensure it has jurisdiction over an action, and once it determines it lacks jurisdiction, it has no further power to act." *Guerra v. Hertz Corp.*, 504 F. Supp. 2d 1014, 1017-18 (D. Nev. 2007) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)).

"[A] federal habeas petition is second or successive if the facts underlying the claim occurred by the time of the initial petition, . . . and if the petition challenges the same state court judgment as the initial petition." *Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides, in relevant part, that a claim presented in a second or successive federal petition that was not presented in a prior petition shall be dismissed unless:

> **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). Before a second or successive petition may be filed in a federal district court, a habeas petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the petition. *See id.* § 2244(b)(3). The

district court does not have jurisdiction to entertain a second or successive petition absent such permission. *See Brown*, 889 F.3d at 667. "[I]n cases involving doubt about whether a petition will be deemed second or successive," the Ninth Circuit has instructed "petitioners to seek authorization in [its] court first, rather than filing directly in the district court." *Goodrum v. Busby*, 824 F.3d 1188, 1195 (9th Cir. 2016) (citation omitted).

Although the exact nature of the claims Olsen presented in his Second Federal Petition is unknown, it appears certain that this Third Federal Petition is second or successive. A review of the docket sheet for the Second Federal Petition reflects a merits decision in 1996. Thereafter, the Ninth Circuit denied a certificate of probable cause and the United States Supreme Court denied a petition for writ of certiorari. Olsen's Amended Petition acknowledges that he "did not win relief" on his Second Federal Petition or on appeal. (ECF No. 45 at 11:14-16.) In addition, Olsen's opposition asserts that Grounds 1(A), 1(C), 1(D), 1(E), 1(F), and 2(A) were presented to Nevada courts in his 1992 State Petition. (ECF No. 65 at 10-15.) Thus, Olsen *discovered* the factual predicates for his claims before filing his Second Federal Petition in 1994. *See* 28 U.S.C. § 2244(b)(2)(B)(i). At the very least, the filing of the Second Federal Petition and corresponding 1996 merits decision raise serious doubt about whether this Third Federal Petition will be deemed second or successive. Accordingly, this Court finds jurisdiction lacking, and Olsen must seek authorization from the Ninth Circuit to proceed. *See Goodrum*, 824 F.3d at 1195; *Robinson v. Johnson*, 313 F.3d 128, 140 (3d Cir. 2002) (noting that any merits decision on a second or successive petition before the court of appeals has decided whether to let the petition proceed "would circumvent the intent of the gatekeeping function of § 2244").

By statute and circuit rule, this Court has discretionary authority to transfer Olsen's Amended Petition to the Ninth Circuit for consideration as an application for leave to file a second-or-successive petition. *See* 28 U.S.C. § 1631 (stating that whenever a court identifies a lack of jurisdiction, "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed . . ."); 9th Cir. R. 22-3 ("If an unauthorized second or

successive section 2254 petition . . . is submitted to the district court, the district court may, in the interests of justice, refer it to the court of appeals.").

Here, transfer is in the interests of justice. Olsen's counseled Amended Petition asserts that he can meet the *Schlup* standard for actual innocence. The Ninth Circuit previously granted a certificate of appealability after finding "at least one federal constitutional claim debatable among jurists of reason, namely ineffective assistance of trial counsel." *Olsen v. LeGrand*, No. 16-16352, DktEntry 2-1 (9th Cir. Nov. 8, 2016). Under these circumstances, the Court finds that the interests of justice are served by referring the Amended Petition to the Ninth Circuit for review. *See, e.g.*, *Jones v. McDowell*, No. CV 19-9180-JEM, 2020 WL 3619004, at *3 (C.D. Cal. June 30, 2020) (collecting cases); *Ciotta v. Frauenheim*, No. LA CV 18-09213-VBF-AS, 2018 WL 6025845, at *3 (C.D. Cal. Nov. 8, 2018) (referring successive habeas petition to Ninth Circuit within discretion granted by Ninth Circuit Rule 22-3(a) and dismissing action without prejudice for lack of jurisdiction).

## IV.     CERTIFICATE OF APPEALABILITY

A district court is required to issue or deny a certificate of appealability when it enters a final order adverse to a habeas petitioner, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a) of the Rules Governing Section 2254 Cases in U.S. District Courts; 9th Cir. R. 22-1(a). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

It is doubtful that the certificate of appealability requirement applies to an order merely referring a habeas petition to the Ninth Circuit and dismissing the action without prejudice. *See, e.g.*, *Spencer v. Cano*, No. LA CV 16-02267-VBF (PLA), 2016 WL 2760332, at *3 (C.D. Cal. May 12, 2016) (collecting cases). Such an order arguably should not be viewed as "final" for purposes of § 2253(c) because it does not conclusively dispose of all claims and issues raised by a petitioner. *Id.* Assuming, without deciding,

that such an order triggers the certificate of appealability requirement, the Court finds that a certificate of appealability is unwarranted in this case.

## V. CONCLUSION

It is therefore ordered that Respondents' Motion to Dismiss (ECF No. 56) is denied as moot.

It is further ordered that Petitioner Carl Henry Olsen, III's Second Amended Petition for Writ of Habeas Corpus (ECF No. 45) is referred to the Ninth Circuit for consideration as an application for leave to file a second or successive habeas corpus petition pursuant to Ninth Circuit Rule 22-3(a).[4]

The Clerk of Court will send copies of the Amended Petition (ECF No. 45) and this Order to the Ninth Circuit.

The Amended Petition is dismissed without prejudice to its refiling should Olsen obtain permission to do so from the Ninth Circuit.

To the extent such analysis is required, a certificate of appealability is denied as reasonable jurists would not find the Court's dismissal of the Amended Petition to be debatable or wrong for the reasons discussed herein.

DATED *nunc pro tunc* THIS 13th day of August 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[4]"Petitioner is advised that this referral alone does not constitute compliance with Circuit Rule 22-3 and 28 U.S.C. § 2255(h). Petitioner must still file a motion for leave to proceed in the Court of Appeals and make the requisite showing' to convince the Ninth Circuit to grant him leave to file this second-or-successive habeas petition. Petitioner is directed to consult this statute and Ninth Circuit Rule 22-3 for further information."

*Jones v. McDowell*, No. CV 19-9180-JEM, 2020 WL 3619004, at *3 (C.D. Cal. June 30, 2020) (quoting *Henderson v. Madden*, NO. LA CV 16-02003-VBF (AGR), 2016 WL 4009873, at *3 n.1, *5-6 (C.D. Cal. June 3, 2016) (collecting cases in which Ninth Circuit district courts issued this advisement to habeas petitioners)).

# Attachment

| District | Off. | Dock t No. Yr. Number | OR | Filing Date Mo. Day Yr. | J | Nature Suit | R 23 | Judge | Mag. | Jury Dem | ARB | MDL Docket | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 0978 | 3 | 94 00005 | 1 | 01 03 94 | 3 | 530 | | 7809 | | | | | 94 | 00005-HDM |

(DWH)

CAUSE: 28 U.S.C. 2254 - Habeas Corpus

PETITIONER ~~PLAINTIFF~~

OLSEN, CARL HENRY, III.

RESPONDENTS ~~DEFENDANTS~~

PHA all but #8

✓ MC DANIELS, E.K.

**CLOSED**

APPEAL FLD 3/18/96 (#30)
C/A# 96-15644

EXEMPT FRCP 16(b)

**ATTORNEYS**

FOR PETITIONER:

CARL HENRY OLSEN, III
In Pro Per
Inmate #31147
Ely State Prison
P.O. Box 1989
Ely, NV 89301-1989

FOR RESPONDENT:

~~ATTORNEY GENERAL~~
~~Heroes' Memorial Building~~
~~Capitol Complex~~
~~Carson City, NV 89710~~
Stephen M. Sanville
KARL W. ARMSTRONG
Deputy Attorney General

Attorney General's Office
Litigation Division
555 E. Washington Ave.
#3900
Las Vegas, NV. 89101

| CHECK HERE IF CASE WAS FILED IN FORMA PAUPERIS | FILING FEES PAID | | | STATISTICAL REPORTS PROCESSED |
|---|---|---|---|---|
| | DATE | RECEIPT NUMBER | C.D. NUMBER | Filing _____ |
| | | IFP | | Termination _____ |
| | | | | Change _____ |

UNITED STATES DISTRICT COURT DOCKET

DC 111S (Rev. 7/85)

| DATE | NR | Carl Henry Olsen, III vs. E. K. McDaniels, et.al.    PROCEEDINGS    CV-N-94-005-HDM (DWH) |
|---|---|---|
| 1/03/94 | 1 | MOTION/IFP. olr |
| " | - | **JS-5 (AT).** olr |
| 1/10/94 | 2 | PETITION/writ/hc. olr |
| " | 3 | ORDER (HDM): ORD mtn/IFP is GRANTED. Clk/crt shl file petn and srv respndts by crt mail but respndts shl ans petn as dir in ORD being issd here w/. **EOD 2/10/94 (AT).** Cpys dist. olr |
| " | 4 | ORDER (HDM): ORD petnr shl hv **20 dys** frm date ths ORD is entered to infrm crt of add'l clms. FUR ROD petnr shl srv cpy of statmt/add'l clms on atty gen/Nev and sub proof of svc w/clk/crt. FUR ORD if petnr fails to resp to ORD in ti, crt shl concl petner has no add'l clms. FUR ORD if petnr file statmt/add'l clms, respndts shl hv **20 dys** frm date statmt is fld to ans. If petnr does not file statmt add'l clms, respnts shl hv **20 dys** frm date by whc statmt was req to be fld. **eod 2/10/ 94 (AT).** Cpys dist. olr |
| 2/22/94 | 5 | STATEMENT of addtnl clms in compliance to Ord #4 obo P. (m) (AT) bh. |
| 3/18/94 | 6 | MOTION to dism petn for writ of h/C obo Rs. (m) (AT) bh. |
| 3/23/94 | 7 | OPPOSITION to mtn to dism petn for writ of H/C (#6) obo P. (m) (AT) bh |
| 3/24/94 | -- | SUB TO HDM: Item #4, 5. (AT) bh. |
| 4/15/94 | -- | SUB TO HDM: Item #6, 7. (AT) bh. |
| 4/20/94 | 8 | MINUTE ORDER: (HDM) ORD the above actn is **ref to the HOn. PHA**, for all furth procdngs consist w/her juris. This actn shl bear case CV-N-94-5-HDM(PHA), wh shl appear on all docs hereaft fld w/this crt. Cps. dist. 4/21/94. (AT) bh. |
| 4/21/94 | -- | SUB TO PHA: Items #6, 7 & 8. (AT) bh. |
| 5/16/94 | 9 | ORDER: (PHA) ORD P has procedurally defaulted on grnds 1 thru 6 of instant fed petit P sh hv 20 days fm dt of this ord w/in wh to show cause & prej. Rs sh then hv 15 days to file an opp. P sh then hv 10 days w/in whto reply. Cps.Dist. (AT) blg. *mld-5/16/94. |
| 5/25/94 | 10 | RESPONSE in compliance to Ord (#9) obo P. (m) (AT) bh. |
| 6/10/94 | -- | SUB TO PHA: Item #6, 7, 9, 10. (AT) bh. |
| --- | 11 | OPPOSITION to P's showing of cause & prej in compliance to Ord #9 obo Rs. (m) (AT) bh. |
| 6/16/94 | 12 | REPLY in supprt of P's showng of cause & prej in compliance to Ord #9 (m) (AT) bh. |
| 6/20/94 | -- | SUB TO PHA: Items #6, 7, 9, 10, 11, 12. (AT) bh. |

see Page 2

DC 111A
(Rev. 1/75)

**CIVIL DOCKET CONTINUATION SHEET**

| PLAINTIFF | DEFENDANT | DOCKET NO. CV-N-94-5-HDM (PHA) |
|---|---|---|
| CARL HENRY OLSEN, III, | E. K. McDANIELS, et al., | PAGE 2 OF ___ PAGES |

| DATE | NR. | PROCEEDINGS |
|---|---|---|
| 9/22/94 | 13 | REPORT/RECOMMENDATION: (PHA) RECOMM tht the D/C ent its ord granting R(s) mtn to dism (#6) as follws: (See Ord for Specs.) The Magist Jdg also RECOMMS thr R(s) be req to file an answ to P's remaining clms w/in 20 dys of the entry of the D/C's Ord. EOD/Cps. dist 9/27/94. (AT) bh. 14, (15) |
| 10/5/94 | 14 | OBJECTIONS to R&R (#13) obo P. (m) (AT) bh. |
| 10/27/94 | -- | Sub to HDM: ctin #6, 7, 13, 14. (AT) bh. |
| 10/28/94 | 15 | ORDER: (HDM) ORD **Adopts & Accepts** the R&R of the U. S. Magist Jdg designated above recomm tht Rs' mtn to dism (#6) be **granted** as follws: (See Ord for specs.) Rs are directed to file an answ to P's remaining clms w/in 20 dys of the dte of entry of this ord. EOD/Cps. dist. 10/31/94. (AT) bh. |
| 11/7/94 | 16 | MOTION to alter &/or to am this Crt's ord of 10/31/94 obo P. (m) (AT) bh. denied (18) |
| 11/28/94 | 17 | ANSWER obo Rs. (m) (AT) bh. 19 |
| 12/1/94 | -- | SUB TO HDM: Items #15, 17. (AT) bh. |
| 12/5/94 | 18 | ORDER: (HDM) ORD the P's mtn to alter or am this crt's ord of 10/31/94 (#16) is **denied**. Cps. dist. 12/9/94. (AT) bh. |
| 12/9/94 | -- | SUB TO HDM: Item #15 & 17. (AT) bh. |
| 12/27/94 | 19 | SUPPLEMENTAL EXPANSION OF RECORD in supprt of R's answ (#17) obo Rs (m)(AT).csd |
| 4/20/95 | 20 | REQUEST for an evid hrg on all remaining clms/ REQUEST for appnt of cnsl obo P. (m) (AT) bm (21) denied |
| 4/26/95 | -- | SUB TO HDM/rlo: Item #20. (AT) bm. |
| 5/2/95 | 21 | ORDER (HDM): ORD Ds shl supp Crt rcd w/i 20 days frm dt this ord is ent by filing as exhbts cpy state dist crt ord dism Ps petn; cpy minutes/transcripts frm st proceedings; FUR ORD Ps req for evid hrg & appt of cnsl (#20) is denied (cps dist) (AT).rm |
| 5/8/95 | 22 | OPPOSITION to reqs (#20) obo Rs. (m) (AT) blg. |
| 5/18/95 | 23 | SECOND SUPPLEMENTAL expansion of recd in complianc w/Ord (#21) obo Rs. (m) (AT) blg. |
| -- | -- | SUB to HDM/rlo: Item #21 & 23. (AT) blg. |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | CV-N-94-5-HDM(PHA) |
|---|---|---|
| CARL HENRY, OLSEN, III | E. K. McDANIELS | DOCKET NO. _____ PAGE 3 OF ___ PAGES |

| DATE | NR. | PROCEEDINGS |
|---|---|---|
| 5/24/95 | 24 | RESPONSE to 2nd supplmntal expansion of rec (#23) obo P. (m) (AT) |
| 5/26/95 | -- | SUB TO PHA: Item #24. (AT) bm. |
| 09/22/95 | -- | RE-SUB TO PHA: Item 23,24 (AT) mlc |
| 01/12/96 | 25 | REPORT/RECOMMENDATION of the Magis. Judge (PHA): (Recommended: The District Court enter its order denying the petn writ H/C) EOD 1/16/96 (copies dist) (AT) mlc |
| 01/26/96 | 26 | OBJECTIONS to report/recommendation of the Magis. Judge obo petnr (25) (m) (AT) mlc |
| 02/20/96 | - | SUB TO HDM: Items 25,26 (AT) mlc |
| 02/21/96 | 27 | ORDER adopting the Magis. Judge's report and recommendation (25): ORD the petn for writ of habeas corpus is denied. (copies dist) (AT) mlc EOD 2/21/96 |
| 02/21/96 | 28 | JUDGMENT (LSW/mlc): The petn for writ of habeas corpus is denied. (copies dist) (AT) mlc EOD |
| 02/21/96 | - | JS-6 (AT) mlc |
| 03/07/96 | 29 | MOTION for rehearing on writ H/C obo petnr. (m) (AT) mlc (33) |
| 03/18/96 | 30 | NOTICE OF APPEAL of order/judgment (27,28) . . . (96-15644) MOTION for certificiate of probable cause . . . and . . (32) MOTION for appt of cnsl obo petnr. (m) (AT) mlc (31) |
| 03/18/96 | -- | SUB TO HDM: Item #30 (AT) mlc |
| 04/01/96 | 31 | ORDER:(HDM): ORD petnr's mtn for appt of cnsl (30) is denied without prejudice. (copies dist) (AT) mlc EOD 4/1/96 |
| 04/01/96 | 32 | ORDER (HDM): ORD that the cert prob cause (30) is denied. (copies dist) (AT) mlc EOD 4/1/96 |
| 04/01/96 | -- | SUB TO HDM/RLO: Item #29 (AT) mlc |
| 04/04/96 | 33 | MINUTE ORDER (HDM): Petnr's mtn for rehearing (29) is denied. (copies dist) (AT) mlc EOD 4/5/96 |
| | -- | ORIGINAL FILE (2 volume) sent to USCA. mlc |

(See Page 4)

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | DOCKET NO. CV-N-94-5-HDM |
|---|---|---|
| OLSEN | MCDANIELS, et al | PAGE 5 OF ___ PAGES |

| DATE | NR. | PROCEEDINGS |
|---|---|---|
| 04/05/96 | 34 | LETTER to USCA forwarding certified copy of notice of appeal, order, order denying CPC, docket sheet and forwarding **original file (2 volumes)** mlc |
| 04/19/96 | 35 | LETTER/USCA (copy) - advising receipt of complte file (2 volumes) and **Case No. 96-15644.** |
| 04/22/96 | 36 | LETTER/USCA (copy) - in receipt of original file (2 volumes) mlc |
| 04/29/96 | 37 | ORDER/USCA - The request for a cert of prob cause is **denied.** s/4/25/96 (AT) mlc |
| 05/08/96 | -- | SUB TO HDM: Item #37. (AT) mlc |
| 05/09/96 | 38 | ORDER ON MANDATE (HDM): ORD that the mandate be spread upon the records of this Court. (copies dist) (AT) mlc EOD 5/9/96 |

DC 111A
(Rev. 1/75)

## CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | DOCKET NO. _____ |
| | | PAGE ____ OF ____ PAGES |

| DATE | NR. | PROCEEDINGS |
|------|-----|-------------|
|      |     |             |